# EXHIBIT 1

COMMONWEALTH OF KENTUCKY
FRANKLIN CIRCUIT COURT
DIVISION __
CIVIL ACTION NO. 22-CI-_____

*(ELECTRONICALLY FILED)*

CYNTHIA ARGUEDAS                                                    PLAINTIFF

VS.

LOWE'S HOME CENTERS INC                                             DEFENDANTS
AND/OR
LOWE'S HOME CENTERS, LLC
AND/OR
LOWE'S HOME IMPROVEMENT, LLC
AND/OR
LOWE'S COMPANIES

     SERVE:    Corporation Service Company
                        421 West Main Street
                        Frankfort, KY 40601

     SERVE:    1000 Lowe's Blvd
                        Mooresville, NC 28117

-AND-

ANNELISE JAAP

     SERVE:    C/O Lowe's Legal Department – Risk Litigation Team
                        P. O. Box 14072
                        Lexington, KY 40512

**************************
**COMPLAINT**
**************************

Comes the Plaintiff, Cynthia Arguedas, by counsel, and for her COMPLAINT against the Defendant, Lowe's Home Centers, Inc., states the following:

1

## PRELIMINARY ALLEGATIONS

1. That on July 27, 2021, the Plaintiff, Cynthia Arguedas (hereinafter Plaintiff), was a resident of Lawrenceburg, Anderson County, Kentucky.

2. Defendant, Lowe's Home Centers, Inc., (hereinafter Defendant Lowe's) is a foreign corporation, with their headquarters being located at 1000 Lowe's Blvd, Mooresville, NC 28117. Defendant Lowe's' Registered Agent for service of process is Corporation Service Company, 421 West Main Street, Frankfort, KY 40601.

3. Defendant, Annelise Jaap, was an agent for Defendant Lowe's and has a principal office in Lexington, Kentucky with a registered address of P. O. Box 14072, Lexington, KY 40512.

4. The Statute of Limitations in this case under KRS 413.140(1)(a) has not run and will not run until 1 year from the date of loss. The date of loss was July 27, 2021, causing the statute of limitations to run from that date and, as such, this action is not barred by the statute of limitations until after July 27, 2022.

5. The Franklin Circuit Court has jurisdiction over this matter, pursuant to KRS 23A.010, as the amount in controversy exceeds the jurisdictional minimum.

6. Venue is proper in Franklin Circuit Court because the injury alleged herein occurred within the boundaries of Franklin County, Kentucky on the property of a facility owned, controlled, managed, operated and/or maintained by Defendant, Lowe's Home Centers, Inc.

## COUNT I: STATUTORY NEGLIGENCE OF DEFENDANT, LOWE'S HOME CENTERS, INC.

7. The Plaintiff, hereby reaffirms, reiterates, and incorporates all of the allegations previously stated as if they had been fully stated herein.

2

8.  On or about July 27, 2021, the Defendant, Lowe's Home Centers, Inc., designed, owned, controlled, managed, operated and/or maintained property located at 350 Leonardwood Dr, Frankfort, KY 40601, which is a physical Lowe's store.

9.  That on or about July 27, 2021, Plaintiff was an invitee/guest at the Lowe's in Frankfort, Kentucky, and while on the premises, was injured in the parking lot. Defendants failed to keep to keep the premises reasonably safe under the circumstances by their failures to maintain the parking lot, and similarly failed to reasonably warn of a dangerous condition posed by the damaged parking lot.

10. That on or about July 27, 2021, the Defendant permitted a dangerous and defective condition to exist on said property, failed to maintain the property in a reasonably safe condition, failed to protect the Plaintiff, failed to warn the Plaintiff of the dangerous and defective conditions on said premises, created a dangerous and hazardous condition, failed to fix or repair a known dangerous and hazardous condition, all of which were substantial factors in contributing to the injuries suffered by Plaintiff on July 27, 2021.

11. Defendant knew or in the exercise of reasonable care should have known of said dangerous and defective condition.

12. As a direct and proximate result of the carelessness and negligence of the Defendant, the Plaintiff sustained bodily injuries and legal damages in the form of past pain and suffering, future pain and suffering, past medical expenses, future medical expenses, the increased likelihood of future complications and the loss of enjoyment of life, all to her damage in an amount which exceeds the jurisdictional minimum requirements of this court.

13. Specifically, Plaintiff has suffered facial injuries, head injuries, knee injuries, neck injuries, and irritation/aggravation of pre-existing medical conditions, particularly, but not exclusively or solely, aggravating, irritation, or exacerbating a left knee injury.

14. Plaintiff does not propose to be bound by the specific allegations of negligence as set forth hereinabove, but rather, in connection therewith, Plaintiff relies upon general allegation of negligence and the theory of *res ipsa loquitur* as to the cause of the injuries and damages Cynthia Arguedas has sustained.

## COUNT II: COMMON LAW NEGLIGENCE OF DEFENDANT

15. The Plaintiff hereby reaffirms, reiterates, and incorporates all of the allegations previously stated as if they had been fully stated herein.

16. At the time and place referred to in "Count 1," above, Defendant Lowe's Home Centers, Inc. acted in a grossly negligent, careless, and reckless manner, causing the incident mentioned in COUNT I, and causing the injuries and damages to the Plaintiff referred to in COUNT I.

## COUNT III: UNFAIR CLAIMS SETTLEMENT PRACTICES

17. The Plaintiff hereby reaffirm, reiterate, and incorporate all of the allegations previously stated as if they had been fully stated herein.

18. In the course of the Plaintiffs' attempts to settle the liability claim, Defendants, Lowe's and their agent, Annelise Jaap, violated KRS 304.12-230, including but not limited to subsections (2), (3), (4), (6), (7), and (14).

19. In the course of the Plaintiff's attempts to settle the liability claim, Defendants, Lowe's and their agent, Annelise Jaap, compelled Plaintiff to institute litigation to recover amounts due under an insurance policy by refusing to conduct a reasonable investigation; refused to implement reasonable standards for the prompt investigation of claims arising under insurance policies related

4

to this claim; and failed to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement. Defendants refused to provide copies of any Incident Report or video surveillance. Defendants refused to provide any details of their investigation or the reasons for their denial of the claim beyond stating their decision was made on "the information obtained to date." Defendants stated that "Lowe's could not be held responsible for this incident" but refused to provide any legal basis or additional explanation. Plaintiff, via counsel, repeatedly requested explanation or "the underlying logic to that conclusion" from the Defendants, to no avail.

20. In the course of settling the claim, Defendant, Lowe's and their agent, Annelise Jaap, violated KRS 304.48-240(2) (e). Defendants refused to provide copies of any Incident Report or video surveillance, and refused to provide any reasons for their denial of the claim, despite Plaintiff's repeated requests for such information.

21. In the course of settling the claim, Defendants, Lowe's and their agent, Annelise Jaap, violated KRS 304.12-010.

22. In the course of settling the claim, Defendants, Lowe's and their agent, Annelise Jaap, acted in a grossly negligent manner.

**WHEREFORE,** the Plaintiff prays as follows:

1. For judgment in favor of the Plaintiff, Cynthia Arguedas, and against the Defendant, Lowe's Home Centers, Inc., in a fair and reasonable amount for Compensatory damages, in a sum in excess of the minimum jurisdictional limits of this Court and in excess of seventy-five thousand dollars;

5

2. For judgment in favor of the Plaintiff, Cynthia Arguedas, and against the Defendant, Annelise Jaap, in a fair and reasonable amount for Compensatory damages, in a sum in excess of the minimum jurisdictional limits of this Court

3. For a **JURY TRIAL** upon all issues so triable;

4. For interest at the maximum legal rate until said judgments are paid in full by Defendants;

5. Summons to issue as directed in the caption;

6. For Plaintiff's Attorney Fees and court costs herein expended;

7. For any and all other relief to which Plaintiff may appear entitled.

Respectfully Submitted,

MORRIN LAW OFFICE

/s/*Robert A. Morrin*
Hon. Robert A. Morrin (KBA # 94368)
214 West Main Street
Richmond, Kentucky 40475
Telephone: (859) 358-0300
*Attorney for Plaintiff*