UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| CYNTHIA ARGUEDAS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No: 3:22-cv-00055-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| LOWE'S HOME CENTERS, INC., *et al.*, | ) | **&** |
| | ) | **ORDER** |
| Defendant. | ) | |
| | ) | |

*** *** *** ***

This matter is before the Court on Plaintiff Cynthia Arguedas's Motion to Remand. [R. 5.] Ms. Arguedas filed this action after being injured in Defendant Lowe's parking lot. [R. 1-1 at 4.] In the complaint, Ms. Arguedas included a statement specifying that she seeks over $75,000 in damages. *Id.* at 6. After Lowe's removed the case to federal court, Ms. Arguedas moved to remand. [R. 1; R. 5.] The issue before the Court is whether the complaint notified the Defendants that the case was removable to federal court. It did. Consequently, removal was too late. Accordingly, the Motion to Remand is **GRANTED**.

**I**

In July 2022, Ms. Arguedas filed this action against the Defendants in Franklin Circuit Court. [R. 1 at 1.] The Defendants received a copy of the complaint on July 28. *Id.* In the complaint, Ms. Arguedas alleges that Lowe's negligently caused her injuries by failing to maintain its parking lot and failing to warn guests of dangerous conditions. [R. 1-1 at 4-5.] Ms. Arguedas also alleges that the Defendants' conduct during her attempts to settle the case

constitutes unfair settlement practices.  *Id.* at 5-6.  As compensation, Ms. Arguedas demanded

from Lowe's "a fair and reasonable amount for Compensatory damages, in a sum in excess of

the minimum jurisdictional limits of this Court and in excess of seventy-five thousand dollars."

*Id.* at 6.

The next month, Lowe's served Ms. Arguedas with discovery requests regarding the

damages that Ms. Arguedas seeks.  [R. 1 at 4.]  Ms. Arguedas denied Lowe's requests that she

"[a]dmit that the total amount in controversy in this matter does not now, and never will, exceed

$75,000" and that she "[a]dmit that [she] will never accept or ask a jury for damages in this

matter exceeding $75,000."  *Id.*

On October 11, 2022, the Defendants filed a notice of removal from state court.  [R. 1.]

Ms. Arguedas then filed a motion to remand to state court.  [R. 5.]  Because the Defendants filed

their notice of removal more than thirty days after learning that the case is removable, remand is

proper.

## II

A defendant may remove a civil action brought in state court to federal court if the action

is one over which the federal court could have exercised original jurisdiction.  *See* 28 U.S.C. §

1441(a).  Federal courts have diversity jurisdiction over actions between parties that are citizens

of different states when the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332(a).

Because federal courts are courts of limited jurisdiction, "the removal statute should be strictly

construed," and any doubts should be resolved in favor of remanding the case to state court.

*Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006).

To remove, the defendant must file a notice of removal within thirty days after receiving

the initial pleading or any paper "from which it may first be ascertained that the case is

removable." 28 U.S.C. § 1446(b). The thirty-day period starts to run when a defendant receives the complaint if it contains "solid and unambiguous information that the case is removable." *Berera v. Mesa Med. Grp., PLLC*, 779 F.3d 352, 364 (6th Cir. 2015); *see also Clark v. Kroger Ltd. P'ship I*, No. 515CV00189GNSHBB, 2015 U.S. Dist. LEXIS 162140, at *2 (W.D. Ky. Dec. 3, 2015) ("[S]peculation alone is insufficient to meet the amount in controversy requirement.").

Limiting the time for removal serves two purposes. First, it prevents a defendant from adopting a "wait and see" approach in state court. *See Gorman v. Abbott Laboratories*, 629 F. Supp. 1196, 1199 (D.R.I. 1986) (noting that the limit "prevents a second bite at the jurisdictional apple if a defendant (belatedly) perceives that the case is proceeding other than to his liking"). Second, the requirement minimizes the delay and waste of resources involved in starting a case over in federal court after substantial proceedings have taken place in state court. *See Brown v. N.J. Mfrs. Ins. Group*, 322 F. Supp. 2d 947, 950 (M.D. Tenn. 2004).

To permit a defendant to remove a case to federal court "based on an untimely, though substantively valid" petition would undermine the effect of the thirty-day limitation. *Sanborn Plastics v. St. Paul Fire & Marine Ins.*, 753 F. Supp. 660, 664 (N.D. Ohio 1990). Therefore, courts strictly apply the time limit. Failing to comply with the statutory limit absolutely bars removal regardless of whether removal would have been proper if timely filed. *See McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994).

So, the issue presented is one of timing: when did the Defendants receive sufficient information that the case is removable? The sum demanded in good faith in an initial pleading is considered accurate for purposes of determining the amount in controversy. 28 U.S.C. § 1446(c)(2); *see also Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 157 (6th Cir. 1993) (holding that a plaintiff is the "master of the claim"). Thus, the clock for removal ordinarily starts when the

defendant receives a complaint that demands over $75,000 on its face.  *See, e.g.*, *Butler v. Rue 21, Inc.*, No. 1:11-CV-09, 2011 U.S. Dist. LEXIS 25127, at *16 (E.D. Tenn. Mar. 11, 2011).

However, Kentucky's pleading rules prohibit a plaintiff from specifying the amount of damages in the complaint.  Ky. R. Civ. P. 8.01(2).  Without a specific demand, the amount in controversy "is frequently unclear from the face of a complaint" in a case removed from a Kentucky state court.  *Peichoto v. Speedway, LLC*, No. 5:19-CV-58-REW, 2019 U.S. Dist. LEXIS 203203, at *3 (E.D. Ky. Nov. 22, 2019).  To determine whether the amount in controversy allows removal to federal court, parties often engage in pre-removal discovery.  *See id.*; Ky. R. Civ. P. 8.01(2) (contemplating that a party may use interrogatories to "obtain information as to the amount claimed").

The Defendants received the complaint on July 28, 2022.  [R. 1 at 1.]  The complaint describes three causes of action against the Defendants and prays for damages "in excess of seventy-five thousand dollars."  [R. 1-1 at 6.]  Because Ms. Arguedas's demand is accurate for determining the amount in controversy, the complaint provided "solid and unambiguous information that the case [was] removable."  *Berera*, 779 F.3d at 364; *see also* 28 U.S.C. § 1446(c)(2).  The Defendants thus had thirty days from July 28 to file a notice of removal.  28 U.S.C. § 1446(b).  Consequently, the Defendants' October 11 notice of removal was untimely.

The Defendants argue that Ms. Arguedas's demand cannot provide notice that her claim satisfied the Court's amount in controversy requirement because it violated Kentucky Rule of Civil Procedure 8.01(2).[1]  [R. 6 at 7.]  However, "Kentucky's procedural structure does not allow

---

[1] Interestingly, the Defendants also argue that the demand could not confer notice because the dollar amount was "concealed with the use of written letters spelling out the numbers rather than numerical figures."  [R. 6 at 7.]  True enough, courts often use Arabic numerals when discussing the amount-in-controversy requirement.  *See, e.g.*, *Hollowell v. Dematic Corp.*, No. 5:21-cv-00156-TBR, 2022 U.S. Dist. LEXIS 9337, at *5 (W.D. Ky. Jan. 19, 2022).  *Contra* The Chicago Manual of Style § 9.4 (16th ed. 2010) (recommending that seventy-five thousand be spelled out).  But the Defendants do not cite, and the court cannot discern, any authority holding that spelling out the amount demanded precludes a defendant from "ascertain[ing] that the case is removable."  28 U.S.C. § 1446(b).

the defendants to practice willful blindness in an attempt to extend the removal deadline." *Bragg v. Ky. RSA #9-10, Inc.*, 126 F. Supp. 2d 448, 449 (E.D. Ky. 2001) (holding that the defendants' actual knowledge of damages from a pre-litigation report provided notice of the amount in controversy). Though these statements may run afoul of state procedure, permitting a defendant to disregard them would allow him to take a "wait and see" approach in state court and increase the waste of court resources. *See Gorman*, 629 F. Supp. at 1199.

The Defendants' reliance on *Clark v. National Travelers Life Insurance Company* is misplaced. *See* 518 F.2d 1167 (6th Cir. 1975). Where the amount in controversy threshold for diversity jurisdiction was $10,000, the complaint in *Clark* prayed for damages of $10,000 "plus incidental and consequential damages, all statutory penalty and attorney's fees, costs and interest; and for all other relief." *Id.* at 1168. The Court analyzed only whether the "request for a statutory penalty and attorney's fee, standing alone in the ad damnum clause and unsupported by any statement showing entitlement" adds to the requested dollar amount. *Id.* Because the complaint did not contain a basis for the statutory penalty and attorney's fee requests, the amount in controversy did not exceed $10,000. *Id.* at 1169.

The Clark Court did not hold that court cannot consider amounts demanded when the complaint provides a basis for the demands. In fact, trial courts regularly consider statements in the ad damnum clause when the complaint provides a basis for the demand—even when state rules prohibited a specific demand. *See, e.g.*, *Reed v. Motorists Mut. Ins. Co.*, No. 20-106-DLB, 2020 U.S. Dist. LEXIS 236415, at *5-6 (E.D. Ky. Dec. 16, 2020) (considering the complaint's statement that "the damages are in excess of this Court, but not the U.S. District Court"). Likewise, the complaint here provides a basis for the demand by specifically alleging that the Defendants' negligence caused her injuries and the Defendants' later conduct constituted unfair

claims settlement practices.  [R. 1-1 at 4-6.]

The complaint provided "solid and unambiguous information that the case [was] removable" on July 28 by demanding an amount "in excess of seventy-five thousand dollars." *Berera*, 779 F.3d at 364; [R. 1-1 at 6.]  The Defendants did not file a notice of remand within thirty days, and Kentucky Rule of Civil Procedure 8.01(2) does not allow them to practice "willful blindness" to extend the deadline.  *Bragg*, 126 F. Supp. 2d at 449.

### III

Accordingly, the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Plaintiff's Motion to Remand [**R. 5**] is **GRANTED;**

2. This case is **REMANDED** to the Franklin Circuit Court; and

3. This case is **STRICKEN** from this Court's active docket.

This the 3rd day of January, 2023.

Gregory F. Van Tatenhove
United States District Judge